**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELSA DELGADO,**

         **Plaintiff,**

-vs-              **Case No. 6:07-cv-1934-Orl-22GJK**

**EXCEL ONE, INC. and VICTOR M. MAEZTU, II,**

         **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **AMENDED UNOPPOSED MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANTS' OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT** (Doc. No. 33) |
| **FILED:** | February 24, 2009 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

  On February 24, 2009 and pursuant to Rule 68(a), Federal Rules of Civil Procedure, Plaintiff filed the present Amended Unopposed Motion For Entry of Judgment (the "Motion") requesting that the Court enter judgment against Defendants Excel One, Inc. and Victor M. Maeztu, II (collectively, the "Defendants"), jointly and severally, in accordance with Plaintiff's

acceptance (the "Acceptance") of Defendants' Offer of Judgment (the "Offer"). Doc. Nos. 23-2, 23-3, 33. Pursuant to Plaintiff's Local Rule 3.01(g) certification, the Defendants are unopposed to the Motion. Doc. No. 33.

Although the Motion is brought under Rule 68(a), Federal Rules of Civil Procedure, pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving any FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

3

> counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 8, 14, 28, 33. Each party was represented by independent counsel who were obligated to vigorously represent their clients. *Id.* The parties agreed to reduce Plaintiff's claim to judgment for a total sum of $3,110.62, representing $1,555.31 in unpaid overtime wages and $1,555.31 in liquidated damages. Doc. Nos. 23-2, 23-3, 33. Pursuant to the Offer and Acceptance, attorneys' fees and costs will be subsequently determined by the Court. Doc. Nos. 23-2, 23-3; *see also* Doc. Nos. 34, 37. On January 22, 2009, Plaintiff filed Answers to the Court's Interrogatories claiming $4,298.00 plus liquidated damages in unpaid overtime wages. Doc. No. 8 at 3. On February 24, 2009, Plaintiff's counsel, K.E. Pantas, Esq., filed a sworn declaration setting forth the precise final distribution of funds among Plaintiff's FLSA compensation, liquidated damages, and attorneys' fees. Doc. No. 28. In his affidavit, Mr. Pantas

states that agreed to compromise her claim based on her review of Defendants' time records (Doc. No. 14) and the likelihood of collection of the judgment. Doc. No. 28 at ¶ 7.[2]

The undersigned recommends that Plaintiff's Acceptance of Defendants' Offer is a fair and reasonable resolution of Plaintiff's FLSA claim.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Motion (Doc. No. 33);

2. Enter Judgment for Plaintiff and against Defendants, jointly and severally in the following amounts:

   a. $1,555.31 in unpaid overtime wages; and

   b. $1,555.31 in liquidated damages;

3. Retain jurisdiction in order to rule on Plaintiff's Amended Motion for Award of Attorneys' Fees (Doc. No. 34).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] In his affidavit, Mr. Pantas states that Defendant Excel One, Inc. ceased doing business in January of 2007, and Defendant Maeztu is currently unemployed. Doc. No. 28 at ¶ 7.

Recommended in Orlando, Florida on May 8, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record.